IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSHUA KEITH WILSON                                                                                          PLAINTIFF

v.                                           Case No. 1:23-cv-01097

SHERIFF RICKY ROBERTS;
CAPTAIN LISA WORLEY; and
SGT. BILLY PERRY                                                                                           DEFENDANTS

# ORDER

Before the Court is Defendant Sheriff Ricky Roberts's Motion to Dismiss (ECF No. 24), and Plaintiff's failure to comply with the orders of the Court and to prosecute this action. On October 27, 2023, Plaintiff Joshua Keith Wilson initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1.

The same day Plaintiff initiated this action, the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 3. Consistent with the Local Rules, that Order also directed Plaintiff to update the Court with any change in address within 30 days of any such change. *Id.* That Order was not returned as undeliverable.

On November 2, 2023, after noting potential legal and factual deficiencies in the original complaint, Judge Bryant ordered Plaintiff to submit an amended complaint by November 24, 2023, failing which this matter would be subject to dismissal. ECF No. 6. That Order was not returned as undeliverable. On November 21, 2024, Plaintiff submitted an Amended Complaint. ECF No. 7. Upon preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), Judge Bryant issued a report and recommendation (ECF No. 8) recommending that all claims be dismissed without prejudice *except* Plaintiff's claims against Defendant Roberts in his individual

capacity alleging failure to provide proper medical care. ECF No. 8. Consistent with that recommendation, Judge Bryant ordered the Amended Complaint be served on Defendant Roberts.[1] ECF No. 9.

Although court records show that Defendant Roberts was served with the Amended Complaint on December 11, 2023, he did not file an answer or otherwise respond to the lawsuit within 21-days of service as ordered. ECF Nos. 11, 12. Therefore, on January 8, 2024, Judge Bryant ordered Defendant Roberts to show cause why he should not be found in default for failing to defend the lawsuit against him. ECF No. 12. The show cause order was mailed, certified mail, return receipt requested. *Id.* The response was due January 29, 2024. *Id.* On January 29, 2024, Defendant Roberts filed a Response to the Show Cause Order (ECF No. 14), a Motion for Leave to File Answer Out of Time (ECF No. 15), and a Memorandum in Support (ECF No. 16). That same day, Judge Bryant granted Defendant Roberts's Motion for Leave to File Answer Out of Time and directed Defendant Roberts to file his answer by no later than February 2, 2024. ECF No. 17. Defendant Roberts filed his Answer before the end of the day on January 29, 2024. ECF No. 18.

Upon filing of the Answer, Judge Bryant ordered Defendant Roberts to either file a motion for summary judgment on the issue of exhaustion pursuant to 42 U.S.C. § 1997e(a) by March 14, 2024, or promptly file a notice informing the Court and parties that he did not intend to pursue that defense at trial. ECF No. 19. On March 4, 2024, Defendant Roberts filed a Notice saying that he did not intend to pursue failure to exhaust administrative remedies as a defense. ECF No. 21. The next day, Judge Bryant issued an initial scheduling order governing discovery and directing a

---

[1] Although Judge Bryant's Report and Recommendation (ECF No. 8) only recommended that the claims proceed as to Defendant Roberts, the Marshals Service was directed to serve Defendant Roberts the same day and prior to the Court adopting the Report and Recommendation. ECF No. 9.

motion for summary judgment on the merits to be filed by August 1, 2024. ECF No. 22. A copy of the initial scheduling order was mailed to Plaintiff at his last known address.

On March 15, 2024, Plaintiff's copy of the initial scheduling order was returned as undeliverable with no forwarding address. ECF No. 23. On April 16, 2024, Defendant Roberts filed a Motion to Dismiss and/or Alternative Motion to Continue Scheduling Order on the grounds that Plaintiff's mail had been returned as undeliverable and there was no current address for Defendant Roberts to send his initial disclosures. ECF No. 24.

The next day, Judge Bryant granted Defendant Roberts's Motion to Stay the Scheduling Order Deadlines, pending further order of the Court. ECF No. 25. That Order reserved ruling on Defendant's Motion to Dismiss for failure to prosecute. *Id.* Now more than thirty (30) days have elapsed since the court received Plaintiff's returned mail and Plaintiff has not updated the Court with any current contact information. Indeed, Plaintiff has not communicated with the Court since submitting his Amended Complaint, almost four months ago.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand*

3

*Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

Here, Plaintiff's mail has been returned as undeliverable. More than 30 days have elapsed since the Court received Plaintiff's returned mail, and Plaintiff has failed to update the Court with his current contact information. Plaintiff, therefore, has failed to prosecute this action, and this case is subject to dismissal. Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Defendant Roberts's Motion to Dismiss (ECF No. 24) is hereby **GRANTED** and Plaintiff's Amended Complaint (ECF No. 7) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of April, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge